Yong Lin CHEN, Petitioner,

v.

U.S. ATTORNEY GENERAL, Respondent.

No. 04–0448–AG.

United States Court of Appeals, Second Circuit.

Dec. 14, 2005.

Gang Zhou, New York, New York, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi; H. Colby Lane, Assistant United States Attorney, Jackson, Mississippi, for Respondent.

Present: NEWMAN, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yong Lin Chen, through counsel, petitions for review of the January 2004 BIA order affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA "adopts the decision of the IJ and merely supplements the IJ's decision ... we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the BIA's and IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ based her adverse credibility determination on "very large inconsis-

tencies in the evidence." This finding was supported by the IJ's assessment of Chen's explanation that "there was something in him so that he couldn't express it at the time and because he didn't have his sterilization or his wife's forced abortion in his mind at the time," as not convincing. The IJ elaborated that it was clear by Chen's responses that "money was predominant" in his mind, because when asked what his true purpose was for visiting the United States, Chen stated, "to work and to earn money," and indicated that he would become bankrupt if returned to China. The BIA correctly agreed that Chen had not provided a convincing explanation for the discrepancies.

■ Although Chen argues that the airport interview did not sufficiently elicit his asylum claim, the record reveals that the airport statement clearly comports with the factors used to evaluate reliability set forth in *Ramsameachire*. The airport statement does not paraphrase the interview, but appears to be a verbatim account of Chen's responses; the INS officer asked specifically if Chen had any fear or concern about being returned to his home country and whether he would be harmed; and Chen did not testify to any reluctance to speak with the INS official due to prior coercive experiences in China, nor was there any suggestion that his responses resulted from communication or translation difficulties. *See Ramsameachire*, 357 F.3d at 180. Thus, the BIA was entitled to rely on the airport interview.

The BIA's additional findings, that Chen did not challenge the accuracy of the airport statement, and that the airport interview did not contain any deficiencies that would justify discounting it, further bolster the BIA's decision to dismiss Chen's appeal.

To the extent that the BIA and the IJ correctly relied on the airport interview in rendering an adverse credibility determination, Chen has failed to meet his burden of proof to establish by credible testimony or other evidence that he had been persecuted in China, or has a well-founded fear or faces a likelihood of persecution or torture if returned to China. Chen has therefore not established eligibility for asylum, withholding of removal, or relief under the Convention Against Torture.

For the foregoing reasons, the petition for review is DENIED.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).